**Arthur Ellen HYLAND, III,
Petitioner—Appellant,**

v.

**George M. GALAZA, Warden; Bill
Lockyer, Attorney General,
Respondents—Appellees.**

No. 01–55977.
D.C. No. CV–00–07383–R(MAN).

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 10, 2002.*

Decided Oct. 16, 2002.

Before GOODWIN, RYMER, and
McKEOWN, Circuit Judges.

MEMORANDUM**

Arthur Ellen Hyland, III, appeals the district court's dismissal with prejudice of his federal habeas corpus petition brought pursuant to 28 U.S.C. § 2254(a). We have jurisdiction under 28 U.S.C. § 1291, and affirm.

Hyland argues that he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) for the almost eleven month period between the California Court of Appeal's denial of his third state habeas petition on June 1, 1998 and his filing of a fourth state habeas petition in the California Court of Appeal on April 26, 1999. Although tolling is appropriate while each petition was pending, no tolling is allowable for the interim. During that period Hyland pursued discovery motions that the California courts lacked jurisdiction to hear. *See People v. Gonzalez*, 51 Cal.3d 1179, 1284, 275 Cal.Rptr. 729, 800 P.2d 1159 (1990). These motions do not toll the statute because none was a "properly filed application" for purposes of § 2244(d)(2). Nor was Hyland's third state petition "pending" until his fourth one was filed. Both were filed in the California Court of Appeal, at the same level of the collateral review structure. *Cf. Carey v. Saffold*, —— U.S. ——, 122 S.Ct. 2134, 2139, 153 L.Ed.2d 260 (2002) (petition is "pending" and time is tolled for period between lower court decision and filing of new petition in a higher court). Therefore, Hyland's federal habeas petition was filed 42 days late.

Neither does Hyland make any case why he is entitled to equitable tolling. Given no argument in support of the point in his opening brief, given that what he argues in reply was not raised in the district court, and given how his counsel pursued state habeas remedies, we cannot say that Hyland has shown any "extraordinary circumstance beyond [his] control." *Alvarez–Machain v. United States*, 107 F.3d 696, 701 (9th Cir.1996). Simply asserting factual innocence is not enough.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.